IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KAANAPALI GOLF MANAGEMENT, INC., | ) ) ) | CIVIL NO. 07-00142 SOM/LEK |
| Petitioner, | ) ) | ORDER STAYING CASE; ORDER REMANDING CASE; ORDER |
| vs. | ) ) | CONTINUING HEARING ON MOTION FOR CONFIRMATION OF |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 142, on behalf of Anthony Vierra, | ) ) ) ) | ARBITRATION AWARD |
| Respondent. | ) ) | |

ORDER STAYING CASE; ORDER REMANDING CASE; ORDER CONTINUING
HEARING ON MOTION FOR CONFIRMATION OF ARBITRATION AWARD

I.      INTRODUCTION

Petitioner Kaanapali Golf Management, Inc. ("KGM"), has moved for confirmation of the Final Award of Arbitrator ("Arbitration Award") issued by Arbitrator E. John McConnell (the "Arbitrator") on February 26, 2007, in the arbitration between KGM and Respondent International Longshore and Warehouse Union, Local 142 ("the Union").  KGM alternatively asks this court to remand this matter back to the Arbitrator for clarification of his decision.

The Union agrees that the Arbitration Award should be confirmed, but opposes a remand of the matter to the Arbitrator for clarification.  Because it is unclear whether Anthony Vierra should be "reinstated" to his former position, which no longer

exists, the court remands this matter to the Arbitrator for clarification of the Arbitration Award.

II.       ANALYSIS.

Anthony Vierra was a Cart Maintenance Working Foreman who was terminated by KGM.  This termination was arbitrated by KGM and the Union on Vierra's behalf.  On February 26, 2007, the Arbitrator issued his Arbitration Award, ordering KGM to reinstate Vierra effective January 1, 2007, without back pay.  It appears that the Arbitrator was not told that, after Vierra was terminated, the duties he had performed as a Cart Maintenance Working Foreman were transferred to a supervisor, and that Vierra's old position as a foreman no longer existed.

Although the Union argues that the Arbitrator ordered that Vierra be reinstated to the very position he held, that is merely one possible interpretation of the Arbitration Award.  That award ordered only that Vierra be "reinstated."  It did not clearly indicate whether Vierra had to be "reinstated" to the position of a Cart Maintenance Working Foreman, or whether KGM could "reinstate" Vierra to a comparable position in KGM.

KGM moved to confirm the Arbitration Award under National Labor Relations Act, 29 U.S.C. § 185 ("LMRA").  The Union supports confirmation of the Arbitration Award under

federal law.[1]  See International Longshore and Warehouse Union, Local 142's Memorandum in Support of Confirmation of Reinstatement Award (Apr. 26, 2007).  This court is concerned that confirming the present Arbitration Award will guarantee further litigation about what constitutes "reinstate[ment] effective January 1, 2007[,] without back pay."  Arbitration Award (Feb. 26, 2007) at 8.  KGM and the Union are already arguing about whether Vierra must be reinstated to the very position he previously held or whether he may be reinstated to a comparable position.  If this court were to confirm the Arbitration Award, KGM would likely place Vierra in a comparable position, causing the Union to grieve that assignment or to ask the Arbitrator to exercise jurisdiction to resolve the dispute concerning implementation of his award.  It makes little sense

---

[1] In its April 26, 2007, filing, the Union supported this court's confirmation of the Arbitration Award under the LMRA. However, the Union stated that it was reserving its right to challenge this court's jurisdiction to confirm the award, arguing that jurisdiction might be appropriate in the Hawaii state courts under Chapter 658A of the Hawaii Revised Statutes.  If the Union truly believed that this court lacked jurisdiction under federal law to confirm the Arbitration Award, it should not have argued that this court should confirm the award.  The Union's conduct is a classic attempt at trying to have its cake and eat it too.  In other words, it appears that, should the Union disagree with this court's ruling, it will then argue that this court lacked jurisdiction over the case notwithstanding its argument that this court should confirm the Arbitration Award under federal law. The Union may not whipsaw this court.  If the Union argues later that this court lacks jurisdiction, the Union will have to explain its tardiness in advancing such an argument and may even face sanctions with respect to that tardiness.

for this court to guarantee more litigation. A brief remand of this case to the Arbitrator is therefore appropriate.

In <u>Hanford Atomic Metal Trades Council, AFL-CIO v. General Electric Company</u>, 353 F.2d 302, 307 (9th Cir. 1965), the Ninth Circuit examined the propriety of a district court's remand of a matter arbitrated by a union and an employer to the arbitrators for clarification of their award. As here, the district court had jurisdiction under the LMRA, 29 U.S.C. § 185, and was being asked to enforce the award. Although the Union contended that the district court should have enforced the original arbitration award, the Ninth Circuit agreed that the district court had the power to remand the matter back to the arbitrators for clarification of their award:

> We share the view of the district court that the opinion required clarification and interpretation. We also share the view of the district court that this was a task to be first performed by the arbitration committee and not the court, and that the court properly remanded the matter to the arbitration committee for such clarification and interpretation.

<u>Id.</u> In so ruling, the Ninth Circuit reasoned

> that where the parties have elected to submit their disputes to arbitration, they should be completely resolved by arbitration, rather than only partially resolved. In some cases the carrying out of this philosophy will require remanding the matter to the arbitrators, and we think that this is such a case.

<u>Id.</u> at 308.

Instructed by <u>Hanford Atomic Metal Trades Council</u>,[2] this court remands the matter to the Arbitrator for a determination of whether the Arbitrator has the authority to clarify his award and, if he determines that he has such authority, for clarification of his award. This remand is "not for the purpose of relitigating or modifying the award," but instead to allow the Arbitrator to address issues relating to how the award is to be interpreted and implemented. <u>Id.</u> The Arbitrator may well agree with the Union that, because KGM failed to notify him about the status of Vierra's former position, Vierra should be reinstated to his former position as a Cart Maintenance Working Foreman. The Arbitrator, on the other hand, might agree with KGM that Vierra can be reinstated to a comparable position, or might note that the Union could have provided the Arbitrator with information about the status of Vierra's former position. The Arbitrator may also decide that he does not need to or cannot clarify his award. In any case, this court should allow the Arbitrator to completely decide the

---

[2] Although this matter is before this court under federal law, Hawaii law allows courts to remand cases seeking confirmation of Arbitration Awards to arbitrators. <u>See, e.g.</u>, <u>United Public Workers, AFSCME, Local 646 v. Dawson Int'l, Inc.</u>, 113 Haw. 127, 146, 149 P.3d 495, 514 (2006) (recognizing that courts may remand matters to arbitrators to clarify ambiguous awards).

arbitrated dispute before this court decides whether confirmation of the Arbitration Award is appropriate.[3]

The court hopes that the Arbitrator will be able to provide his decision on remand no later than June 15, 2007. This case is stayed until the Arbitrator clarifies his Arbitration Award or declines to do so. This stay will automatically be lifted upon the earlier of June 18, 2007, or the date the court learns that the Arbitrator has clarified his Arbitration Award (or declined to do so). No later than July 16, 2007, the parties shall file supplemental briefs discussing whether this court should confirm, vacate, or modify the award following the Arbitrator's action on remand. The hearing on KGM's motion to confirm the Arbitration Award is continued until August 13, 2007, at 10:30 a.m.

Any party taking the position that this case should be dismissed because of the remand to the Arbitrator, rather than stayed, should move this court for dismissal no later than May 23, 2007. The stay imposed by the present order does not apply to a motion seeking such a dismissal.

---

[3]The court is unpersuaded by the Union's argument that KGM's motion to remand is untimely under Local Rule 60.1. That rule applies only to motions seeking reconsideration of this court's interlocutory orders.

6

III.     CONCLUSION.

The court remands this case to the Arbitrator only for (1) a determination as to whether his Arbitration Award may be clarified and, (2) if it may be clarified, for clarification as to whether Vierra is to be reinstated to the very position he last held with KGM, or whether KGM may reinstate him to a comparable position.  This remand is limited in scope to the above issues.  While this case is on remand, the present civil action in this court is stayed.  The stay will automatically be lifted on the earlier of the date the court learns that the Arbitrator has clarified his award (or declined to do so) or June 18, 2007.  No later than July 16, 2007, the parties may file briefs discussing whether this court should confirm, vacate, or modify the award in light of the Arbitrator's actions on remand.  A continued hearing on the motion to confirm the Arbitration Award will then be held on August 13, 2007, at 10:30 a.m.

No later than May 23, 2007, any party may file a motion to dismiss, rather than stay, this action given the remand.  The stay imposed by this order does not apply to such a motion.

The Clerk of Court is directed to send a copy of this order to E. John McConnell, 33 N. Market Street, Ste. 200, Wailuku, Hawaii 96793.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 9, 2007.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Kaanapali Golf Management v. International Longshore & Warehouse Union, Local 142, Civ. No. 07-00142 SOM/LEK; ORDER STAYING CASE; ORDER REMANDING CASE; ORDER CONTINUING HEARING ON MOTION FOR CONFIRMATION OF ARBITRATION AWARD